**UNPUStLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-7135

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STEVEN MCKELVEY,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. G. Ross Anderson, Jr., District Judge. (CR-00-380; CA-03-1764-6-GRA)

Submitted: October 20, 2005      Decided: October 31, 2005

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Steven McKelvey, Appellant Pro Se. Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Steven McKelvey seeks to appeal the district court's order denying relief on his motion filed under Fed. R. Civ. P. 60(b). To appeal an order denying a Rule 60(b) motion in a postconviction proceeding, McKelvey must establish his entitlement to a certificate of appealability. Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that McKelvey has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe McKelvey's notice of appeal and informal brief as an application to file a second or successive motion under 28 U.S.C. § 2255 (2000). United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a movant must assert claims based on either: (1) a new rule of constitutional

law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. § 2255 ¶ 8. McKelvey's claims do not satisfy either of these standards. Therefore, we decline to authorize a successive § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED